### MAPES v. KNORR.

(Supreme Court, Appellate Division, Second Department. January 23, 1900.)

APPEAL—DEATH OF APPELLANT—APPLICATION TO AFFIRM OR DISMISS.

Where defendant dies before his appeal from an order denying his motion to dismiss a reference is heard, and an application to dismiss or affirm the appeal is made by plaintiff under Code Civ. Proc. § 1298, providing if, at the return day of a cause, the proper person has not been substituted for a deceased party, the court may affirm or dismiss the order appealed from, or make such further order as justice requires, the determination of such application will be postponed till plaintiff shall have procured the action to be continued against defendant's representative or successor under Id. § 757.

Appeal from special term.

Action by Marion J. Mapes against William Knorr. From an order denying his motion to vacate a reference, defendant appeals. Application by plaintiff for affirmance or dismissal of the appeal. Application postponed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

J. W. Sherwood, for plaintiff.
Philip Van Alstine, for defendant.

WILLARD BARTLETT, J. This is a motion by the plaintiff for an affirmance or dismissal of the appeal. The action is a suit to foreclose a mechanic's lien. A reference was ordered to a Rockland county attorney, and, after several hearings before him, the defendant moved to vacate the order of reference on the ground that improper political and business relations existed between the referee

and one of the counsel for the plaintiff herein. This motion was denied by Mr. Justice Gaynor, and the defendant appealed to this court from the order denying the motion.

On January 16, 1899, when the appeal was called for argument on the calendar of this court, the defendant's attorney stated that his client had died that morning, whereupon the case was marked off the calendar. On July 12, 1899, the plaintiff obtained an order at special term from Mr. Justice Lambert, directing the widow and two minor children of the deceased defendant to show cause before the appellate division on the third Monday of January, 1900, why the order appealed from should not be affirmed or the appeal dismissed. In this order to show cause there was a direction for a personal service upon the widow and children, and upon the return day thereof, on the 15th instant, proof of such service was duly presented. Mr. Philip Van Alstine, who was attorney of record for the defendant, William Knorr, at the time of his death, appeared specially upon the motion in this court arising on said order to show cause, and has submitted an affidavit in opposition. According to this affidavit, the defendant did not die intestate, but left a will, which, however, no one has yet been able to find. The affidavit also states that the plaintiff has no longer any interest in the cause of action herein, having assigned the same to certain persons in Rockland county, as Mr. Van Alstine is informed and believes. The present application to this court is evidently made under section 1298 of the Code of Civil Procedure. Under that section, upon the return day of the order to show cause, or at a subsequent day appointed by the court, if the proper person has not been substituted for the deceased party, the court "may reverse or affirm the judgment or order appealed from or dismiss the appeal, or make such further order in the premises as justice requires." Although more than a year has elapsed since the death of the defendant, no application has been made for the continuance of the action. If we should now affirm the order appealed from, or dismiss the appeal, by reason of the failure of the representatives or successors of the defendant to come in and be substituted, we should still leave the action itself undisposed of. It would remain partly tried and pending before the referee. To effect a final disposition thereof, a motion must be made under section 757 of the Code. Under the power conferred upon this court by section 1298 to make such further order in the premises as justice requires, the wisest course seems to be to postpone any determination with reference to this appeal until the plaintiff shall have procured the action to be continued against the deceased defendant's representative or successor in interest, under section 757 of the Code. All concur.